THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, *v.*
RUPPERT, APPELLEE AND CROSS-APPELLANT.

(No. 77-1022—Decided May 17, 1978.)

*Mr. John F. Holcomb,* prosecuting attorney, and *Mr. Daniel G. Eichel,* for appellant and cross-appellee.

*Messrs, Holbrock, Jonson, Bressler & Houser, Mr. Hugh D. Holbrock* and *Mr. H. J. Bressler,* for appellee and cross-appellant.

SWEENEY, J.   The first issue confronting this court is whether an accused charged with an offense punishable by death who has waived his right to a trial by jury may be convicted only by a unanimous vote of the three-judge panel. R. C. 2945.06 clearly provides that in a criminal case involving the death penalty tried to a panel of three judges the " * * * judges or a majority of them may decide all questions of fact and law arising upon the trial, and render judgment accordingly."

Although the above portions of R. C. 2945.06 have never been repealed, it is contended that the provisions have been repealed by implication since under the new sentencing procedures set forth in R. C. 2929.03, it is provided that the death sentence may only be imposed by a

three-judge panel when it unanimously finds that none of the mitigating circumstances listed in R. C. 2929.04(B) have been established by a preponderance of the evidence. R. C. 2929.03(E). It is reasoned that if a majority of the judges was empowered to enter a verdict in the guilt determining phase of the trial, then presumably, in this situation, there would be no need for a mitigation hearing, since the dissenting judge would prevent a unanimous finding with respect to the absence of any of the mitigating circumstances. If it happened, upon conducting a mitigation hearing in such a situation, that the three-judge panel were to agree unanimously that none of the mitigating circumstances existed by a preponderance of the evidence, a totally unacceptable situation would result.

In support of the contention that R. C. 2945.06 has been repealed by implication is the committee comment to R. C. 2929.03 reflecting the belief that no matter whether the capital case is tried to a twelve-member jury or a three-judge panel, the verdict must be unanimous.

Repeals by implication are disfavored in the law. *State, ex rel. Toerner,* v. *Common Pleas Court* (1971), 28 Ohio St. 2d 213, 217; *Cincinnati* v. *Thomas Soft Ice Cream* (1977), 52 Ohio St. 2d 76, 79. Only where the provisions of the two statutes are irreconcilable by any means of interpretation (*In re Hesse* [1915], 93 Ohio St. 230, 234) or are so repugnant to or contradictory with each other as to evidence an intent on the part of the General Assembly to change the statutory law will this court conclude that the earlier statute has been superseded by the later statute, and therefore of no force and effect. *Goff* v. *Gates* (1912), 87 Ohio St. 142; *Henrich* v. *Hoffman* (1947), 148 Ohio St. 23, 26.

For example, in *State* v. *Miller* (1977), 49 Ohio St. 2d 198, at 204, this court was confronted with the issue of whether that portion of R. C. 2945.06 granting the court the power to reduce punishments for capital offenses to life imprisonment was still valid in light of the newly enacted sentencing provisions of R. C. 2929.03 and 2929.04.

We held that the former provision, although not formally repealed, was superseded. Clearly, the provision granting to the court the power of extending mercy in the sentencing phase of an aggravated murder trial was in direct conflict with newly established sentencing procedures.

However, those portions of R. C. 2945.06 under consideration in this cause are not in direct conflict with any of the newly-enacted provisions of the Ohio Criminal Code (Am. Sub. H. B. No. 511, 134 Ohio Laws 1866). Clearly, R. C. 2929.03(E), requiring unanimity of the panel of three judges in imposing the death sentence, and R. C. 2945.06, allowing a majority of the panel to render a guilty verdict, deal with separate phases of the aggravated murder trial.

Nor is this court convinced that in some way R. C. 2945.06 and 2929.03 are so repugnant to or inconsistent with each other as to evidence an intent on the part of the General Assembly to repeal the former section, R. C. 2945.-06.

An additional consideration convinces this court that the General Assembly never intended that the requirements of unanimity of the three-judge panel under R. C. 2929.03(E) supersede the provisions of R. C. 2945.06 relating to the prescribed number of votes necessary to convict.

The power to hear and try criminal cases in which the accused has waived his right to a jury trial is specifically granted judges under R. C. 2945.06. *State* v. *Smith* (1931), 123 Ohio St. 237, 241 (decided under former G. C. 13442-5). Under this section, any judge of the court may hear the case so long as it does not involve an offense punishable by death. If an offense is punishable by death, then only a three-judge panel, composed of specifically designated members of the court, may hear the case and render a verdict upon a majority vote of its members. Clearly, these jurisdictional provisions have not been superseded by subsequent statutes having nothing to do with the authority of judges to try criminal cases without a jury.

Finally, the court is aware of language found in *State*

v. *Bell* (1976), 48 Ohio St. 2d 270, 276, indicating that in a case tried to a three-judge panel, the defendant need only convince one of the three judges "of the absence of evidence of guilt beyond a reasonable doubt." However, this statement did not constitute a holding in the case, but rather served as part of an analogy to support the proposition that a defendant under R. C. 2929.03(C)(1)(2) and (E) is not coerced or compelled in waiving his right to a jury trial. Our holding in this cause in no way weakens the analogy made in *Bell, supra.*

This court, having determined that the three-judge panel may render a guilty verdict in an aggravated murder trial by a majority vote of its members, is confronted with the issue of whether application of majority rule in the first phase of an aggravated murder trial is in some way constitutionally defective.

In *State* v. *Robbins* (1964), 176 Ohio St. 362, this court was presented with a similar issue in upholding the constitutionality of former R. C. 2945.07 (repealed under the new Ohio Criminal Code). That section provided that in felony cases other than capital cases, an accused could waive his right to a trial by jury and file a request with the court to be tried before a three-judge panel, and further provided that if the request were granted, a majority of the panel could determine the guilt or innocence of the accused.

Although *Robbins, supra,* involved a non-capital felony case tried to a three-judge panel under former R. C. 2945.07, the court finds the reasons given in that case for upholding the constitutionality of less-than-unanimous verdicts by a three-judge panel applicable in this cause.

As noted in *Robbins, supra,* at pages 363-364, a defendant in a criminal case may waive his constitutional right to a jury trial or to a jury of 12. If a defendant may waive this right, he may also waive his right to have a unanimous verdict. The right to a unanimous verdict attaches to the right of a jury trial, and as the latter may be waived, so may the former.

The court, as in *Robbins*, finds nothing inherently unlawful in permitting a three-judge panel to render a verdict based on a majority vote of its members. Requiring less than a unanimous verdict in a non-jury trial in no way, lessens the prosecution's burden of proving the accused guilty of the charge beyond a reasonable doubt. *Robbins, supra*, at pages 364-365. See, also, *Johnson* v. *Louisiana* (1972), 406 U. S. 356, 360-362. Furthermore, the requirement of unanimity of the triers of fact in a criminal trial has historically been associated with a jury trial and not a trial before the court. *Patton* v. *United States* (1930), 281 U. S. 276, 288; *Apodaca* v. *Oregon* (1972), 406 U. S. 404. In short, nowhere can this court find support for the proposition that unanimity of the three-judge panel is constitutionally mandated where an accused has waived his right to a jury trial in a capital case.

The court concludes, therefore, that the provision of R. C. 2945.06 empowering a majority of the three-judge panel to render a guilty verdict in a capital case is constitutional.

The final issue confronting this court is whether the accused knowingly, intelligently and voluntarily waived his right to a jury trial under Crim. R. 23. As noted in *Patton, supra*, at page 312, trial by jury is the normal, if not preferable, mode of disposing of issues of fact in criminal cases and the right must be jealously preserved. See *Estrada* v. *United States* (C. A. 7, 1972), 457 F. 2d 255. It "reflect[s] a profound judgment about the way in which law should be enforced and justice administered." *Duncan* v. *Louisiana* (1968), 391 U. S. 145, 155. Therefore, the court must insure that the accused's decision to waive such right is made with a sufficient awareness of the relevant circumstances and likely consequences of his waiver. *Brady* v. *United States* (1970), 397 U. S. 742, 748; *State* v. *Sharp* (Mo. 1976), 533 S. W. 2d 601; *State* v. *McKay* (1977), 280 Md. 558, 375 A. 2d 228. Whether or not there is a valid waiver depends on the unique circumstances of each case. *Adams* v. *United States* (1942), 317 U. S. 269, 278.

In the instant cause, Ruppert was misinformed that only a unanimous verdict of a three-judge panel could convict him of the offenses if he were to waive his right to a jury trial. Clearly, the defendant was not informed of an important consequence of his decision to waive a jury trial. As observed previously, by waiving his right to a jury trial, Ruppert not only was foregoing the right to be tried before a panel of 12 jurors, but also was waiving his right to a unanimous verdict. Irrespective of whether other important tactical considerations entered into his decision to waive a jury trial, Ruppert could not have knowingly, voluntarily and intelligently waived this right where he was misinformed as to the consequences of his decision in being tried before the court.

In conclusion, because this court finds that under R. C. 2945.06 only two of the three judges need concur in determining the guilt or innocence of the accused in an aggravated murder trial tried before the court, and because Ruppert was misinformed of this important consequence resulting from his jury waiver, the judgment of the Court of Appeals reversing the conviction and sentence of Ruppert and remanding the cause for new trial is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STEPHENSON, P. BROWN and LOCHER, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.