THE STATE OF OHIO, APPELLEE, *v.*
RUPPERT, APPELLANT.

(No. 5-82-28—Decided March 7, 1984.)

*Mr. John F. Holcomb,* prosecuting attorney, and *Mr. Daniel G. Eichel,* for appellee.

*Mr. Randall M. Dana,* public defender, for appellant.

CONNORS, J. This is an appeal from the Court of Common Pleas of Hancock County. Appellant was charged in Butler County with eleven counts of aggravated murder in connection with the killing of his mother, his brother and sister-in-law and their eight children on March 30, 1975. In 1975, appellant was tried before a three-judge panel and found guilty as charged. An appeal was taken to the Court of Appeals for Butler County which reversed the trial court and remanded the case for a new trial. The case was appealed to the Ohio Supreme Court which affirmed the judgment of the court of appeals. See *State v. Ruppert* (1978), 54 Ohio St. 2d 263 [8 O.O.3d 232]. Venue was changed to Hancock County and appellant was tried before a jury on the eleven counts of aggravated murder in June and July 1982. The jury found appellant guilty of the aggravated murder of his mother and brother but not guilty by reason of insanity on the remaining nine counts of the indictment. The trial court entered judgment on the verdicts and sentenced appellant to terms of imprisonment.

Appellant's appeal sets forth the following assignments of error:

"1. The trial court erred in refusing to accord the accused twelve peremptory challenges, as required by § 2945.21 Ohio Revised Code."

"* * *"

As to appellant's first assignment of error, we find that Crim. R. 24(C) providing for six peremptory challenges in a capital case applies to appellant's trial. Although R.C. 2945.21(A)(2) provides for twelve peremptory challenges "notwithstanding" Crim R. 24, the statute is clearly in conflict with the rule and, accordingly, the procedure set forth in Crim. R. 24(C) controls over that set forth in R.C. 2945.21(A)(2). See Article IV, Section 5(B), Ohio Constitution. Cf. *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83 [75 O.O.2d 156]. Accordingly, appellant's first assignment of error is not well-taken.

On consideration whereof, the court finds that appellant was not prejudiced

or prevented from having a fair trial. The judgment of the Court of Common Pleas of Hancock County is affirmed, and the cause is remanded for execution of sentence and assessment of costs against appellant.

*Judgment affirmed.*

MILLER, P.J., and GUERNSEY, J., concur.

CONNORS, J., of the Sixth Appellate District, sitting by assignment in the Third Appellate District.