SWIGER *v.* SEIDNER, WARDEN.

[Cite as *Swiger v. Seidner* (1996), 74 Ohio St.3d 685.]

(No. 95–1987—Submitted January 23, 1996—Decided March 1, 1996.)

Ken Murray and Paul Chroushore, for petitioner.

Betty D. Montgomery, Attorney General, and Stuart A. Cole, Assistant Attorney General, for respondent.

Per Curiam. Swiger asserts that he is entitled to release from prison pursuant to a writ of habeas corpus because he was charged with offenses punishable by death, i.e., two counts of aggravated murder with death specifications, but was not tried by a three-judge panel. Swiger relies on R.C. 2945.06, which provides:

"In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. *If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges * * *.* The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death. * * * " (Emphasis added.)

Swiger contends that R.C. 2945.06 sets forth a jurisdictional requirement which precludes a single judge from proceeding to try a case in which an accused, charged with an offense punishable with death, has waived his right to a jury trial pursuant to R.C. 2945.05. See State v. Ruppert (1978), 54 Ohio St.2d 263, 269, 8 O.O.3d 232, 235–236, 375 N.E.2d 1250, 1254; see, also, State v. Rash (Mar. 27, 1995), Stark App. No. 94–CA–223, unreported, 1995 WL 347945. Respondent counters that Swiger has or had adequate remedies in the ordinary course of law to address his contention and that Swiger expressly waived his right to a three-judge panel.

We need not address the foregoing issue because it is uncontroverted that Swiger was also tried and convicted of an offense not punishable by death, i.e., kidnapping.

" 'Habeas corpus lies only if the petitioner is entitled to immediate release upon the determination that the claim urged in the action is well founded.' " *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94, quoting *Rollins v. Haskins* (1964), 176 Ohio St. 394, 395, 27 O.O.2d 359, 360, 199 N.E.2d 868; see, also, *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus. *Flowers v. Haskins* (1971), 25 Ohio St.2d 186, 186–187, 54 O.O.2d 296, 297, 267 N.E.2d 430, 430–431. The trial court possessed jurisdiction to try, convict, and sentence Swiger on the kidnapping charge. That sentence has not expired.

Accordingly, the requested relief is denied and Swiger is remanded to custody. See, *e.g., Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744, 746; *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987.

*Relief denied and*
*petitioner remanded to custody.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.