[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 685.]

SWIGER *v.* SEIDNER, WARDEN.

[Cite as *Swiger v. Seidner*, 1996-Ohio-237.]

*Petition for writ of habeas corpus seeking release from confinement—When petitioner is incarcerated for several crimes, sentencing court's lack of jurisdiction to sentence him on one of the crimes does not warrant release in habeas corpus.*

(No. 95-1987—Submitted January 23, 1996—Decided March 1, 1996.)

IN HABEAS CORPUS.

———————————

{¶ 1} In 1989, the Summit County Grand Jury returned a multicount secret indictment charging several individuals in the kidnapping and murder of Roger Pratt. The indictment charged petitioner, Michael Swiger, with two counts of aggravated murder and one count of kidnapping. The two aggravated murder counts contained various death specifications. A supplemental indictment added firearm specifications to the three counts relating to Swiger.

{¶ 2} On April 11, 1990, Swiger appeared in court and stated that he was waiving his right to a jury trial and his right to a three-judge panel so that he could be tried by a single judge. In a signed written jury trial waiver form filed that same day, Swiger stated:

"I, *Michael Swiger*, defendant in the above case, having been arraigned and having had opportunity to consult with counsel, in open Court hereby voluntarily waive and relinquish my rights to a trial by jury, and elect to be tried by a Judge of the Court in which the said case may be pending."

{¶ 3} A journal entry filed by the trial court noted that Swiger had "voluntarily waived his right to trial by Jury and to a three Judge panel and elected to be tried by the Court," and further stated:

"The State noted that it would not seek the death penalty in this trial or any subsequent retrials which would be held. However, the State also noted that it would not amend the Indictment to remove the aggravating circumstances from the aggravated murder charges."

{¶ 4} Swiger was subsequently tried by a single judge. He was found not guilty of both counts of aggravated murder, guilty of the lesser included offense of involuntary manslaughter as to the second aggravated murder count, guilty of kidnapping, and guilty of firearm specifications as to the second and third counts. Swiger was sentenced to eight-to-twenty-five years for involuntary manslaughter, ten-to-twenty-five years for kidnapping, and three years of actual incarceration for the merged firearm specifications. The trial court ordered that the sentences be served consecutively.

{¶ 5} In September 1995, Swiger filed a petition for a writ of habeas corpus. The court allowed the writ and ordered a return.

{¶ 6} This cause is now before the court upon respondent's return and Swiger's response.

————————————

*Ken Murray* and *Paul Chroushore*, for petitioner.

*Betty D. Montgomery*, Attorney General, and *Stuart A. Cole*, Assistant Attorney General, for respondent.

————————————

***Per Curiam.***

{¶ 7} Swiger asserts that he is entitled to release from prison pursuant to a writ of habeas corpus because he was charged with offenses punishable by death, *i.e.*, two counts of aggravated murder with death specifications, but was not tried by a three-judge panel. Swiger relies on R.C. 2945.06, which provides:

"In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of

the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. *If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges* \*\*\*. The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death. \*\*\*" (Emphasis added.)

{¶ 8} Swiger contends that R.C. 2945.06 sets forth a jurisdictional requirement which precludes a single judge from proceeding to try a case in which an accused, charged with an offense punishable with death, has waived his right to a jury trial pursuant to R.C. 2945.05. See *State v. Ruppert* (1978), 54 Ohio St.2d 263, 269, 8 O.O.3d 232, 235-236, 375 N.E.2d 1250, 1254; see, also, *State v. Rash* (Mar. 27, 1995), Stark App. No. 94-CA-223, unreported, 1995 WL 347945. Respondent counters that Swiger has or had adequate remedies in the ordinary course of law to address his contention and that Swiger expressly waived his right to a three-judge panel.

{¶ 9} We need not address the foregoing issue because it is uncontroverted that Swiger was also tried and convicted of an offense not punishable by death, *i.e.*, kidnapping.

"'Habeas corpus lies only if the petitioner is entitled to immediate release upon the determination that the claim urged in the action is well founded.'" *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94, quoting *Rollins v. Haskins* (1964), 176 Ohio St. 394, 395, 27 O.O.2d 359, 360, 199 N.E.2d 868; see, also, *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749. Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus. *Flowers v. Haskins* (1971), 25 Ohio St.2d 186, 186-187, 54 O.O.2d 296, 297, 267 N.E.2d 430, 430-

431.  The trial court possessed jurisdiction to try, convict, and sentence Swiger on the kidnapping charge.  That sentence has not expired.

{¶ 10} Accordingly, the requested relief is denied and Swiger is remanded to custody.  See, *e.g., Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744, 746; *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987.

*Relief denied and*

*petitioner remanded to custody.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____