JOURNAL ENTRY AND OPINION
Defendant-appellant, Bennie Ford, appeals the decision of the Cuyahoga County Common Pleas Court that, following a bench trial, convicted appellant for rape.[1] For the reasons that follow, we reverse and remand.
The record reveals that appellant was indicted for rape and kidnapping, with the latter charge including a sexual motivation specification. Appellant executed a written "Waiver of Jury Trial," which was journalized on January 18, 2001. This document states:
 I, Bennie Ford, the defendant in this cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a judge of this Court of Common Pleas. I understand that I have a right, under the Constitutions and laws of both the United States and the State of Ohio, to a trial by a jury of twelve, and that no verdict could be made by a jury, except by agreement of all twelve members of that jury. I further state that no threats or promises have been made to induce me to waive this right, and that I am not under the influence of any drugs, alcohol, or medication that would affect my decision.
Appellant's attorney likewise signed this document certifying that he explained appellant's constitutional rights to him and that the jury waiver was "knowingly, intelligently and voluntarily made."
The case was called for trial on January 23, 2001, at which time the court first handled some preliminary matters. Additionally, the trial judge remarked:
 * * * [L]et me put on the record that last week, on January 18th, the defendant exercised a waiver of jury trial, so the matter will proceed as to trial to the bench.
Because of the lateness of the hour on this date, trial did not actually commence until the next day, January 24th, at which time the trial judge stated that the record contained a "journalized waiver of jury trial" and that the case was to proceed as a bench trial. At no time did the trial judge personally address the appellant as to the veracity or the contents of the waiver. The record also contains an entry journalized on February 7, 2001, which states that appellant was in court on January 23, 2001 wherein he "executed a written jury trial waiver and on the record orally waived [his] right to a trial by jury." This entry further states the court found that the appellant "knowingly, intelligently and voluntarily waived rights to a trial by jury."
The trial court eventually found appellant guilty of the rape charge but not guilty of kidnapping or the specification contained within that charge. Appellant was sentenced accordingly.
Appellant is now before this court and in his sole assignment of error contends that the trial court was without jurisdiction to conduct a bench trial because his jury waiver was not made knowingly, intelligently or voluntarily nor was it made in open court.
Crim.R. 23(A) provides that a criminal defendant "may knowingly, intelligently and voluntarily waive in writing his right to trial by jury." See, also, State v. Bays (1999), 87 Ohio St.3d 15, 19 citingState v. Ruppert (1978), 54 Ohio St.2d 263, 271. The manner in which a defendant may effect such a waiver is governed by R.C. 2945.05, which provides, in relevant part:
 In all criminal cases pending in courts of record in this state, the defendant may waive at trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.
* * *
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. * * *
Thus, R.C. 2945.05 requires that any such waiver must be in writing, signed by the defendant, filed in the action and made part of the record. Absent strict compliance with these requirements, a trial court lacks jurisdiction to try the defendant without a jury. State v. Pless
(1996), 74 Ohio St.3d 333, paragraph one of the syllabus. A waiver of this right may not be presumed from a silent record; yet, if the record supports that the defendant did effectively waive the right to trial by jury, the verdict will not be set aside absent a showing that the waiver was not freely and intelligently made. State v. Bays,87 Ohio St.3d at 19, citing Adams v. United States ex rel. McCann (1942), 317 U.S. 269,281. Nonetheless, a written waiver validly executed and made part of the record is presumed to be voluntary, knowing and intelligent. UnitedStates v. Sammons (C.A.6, 1990), 918 F.2d 592, 597.
It is undisputed that appellant in this case executed a written jury waiver and that that waiver is part of the record as is required by R.C.2945.05. Appellant complains, however, that there was no colloquy made in open court sufficient to insure that this waiver was knowingly, intelligently and voluntarily made.
Ohio law does not require the trial court to extensively interrogate a criminal defendant as to whether that defendant is fully apprised of the right to a jury trial. State v. Jells (1990), 53 Ohio St.3d 22, syllabus. Nor is the trial court required to inform the defendant of all the possible implications of a waiver of the right to a trial by jury.State v. Green (2000), 90 Ohio St.3d 352, 367, citing State v. Bays,87 Ohio St.3d at 20; see, also, State v. Filiaggi (1999), 86 Ohio St.3d 230,238; State v. Baston (1999), 85 Ohio St.3d 418, 421. Crim.R. 23(A) and R.C. 2945.05 are satisfied when the record supports that a written statement affirming that the defendant, after arraignment and opportunity to consult with counsel, has knowingly and voluntarily waived his or her constitutional right to a trial by jury and that the court reaffirms this waiver in open court. State v. Walker (1993), 90 Ohio App.3d 352, 358.
It is not necessary, however, that the waiver be signed in open court to be valid. Id. What the statute requires is that the trial court engage in a colloquy with the defendant extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right. Id. This court has not in the past and will not now require a trial court to engage in a colloquy as extensive as is required by Crim.R. 11 to satisfy this statutory requirement. See State v.Gammalo (July 5, 2001), Cuyahoga App. No. 78531, unreported at 9, 2001 Ohio App. Lexis 3027. To be sure, other appellate courts have found a one-sentence inquiry sufficient to satisfy the statute's open court requirement. See State v. Morris (1982), 8 Ohio App.3d 12, 14. Moreover, we have held that where the defendant signs the waiver in open court, it is unnecessary to reaffirm this waiver by extensive colloquy with the defendant. See State v. Currie (Mar. 13, 1997), Cuyahoga App. No. 70022, unreported, 1997 Ohio App. Lexis 912.
In this case, the record does not support that the written waiver was signed in open court. Rather, it appears that the waiver was executed sometime prior to trial. It is true that the record contains a journal entry documenting that appellant "executed a written jury trial waiver and on the record orally waived [appellant's] right to trial by jury." The record, however, is devoid of any such reaffirmation by appellant as to his execution of the waiver. To the contrary, the trial judge merely restates that appellant, on an earlier date, executed a written waiver and that the trial would proceed to the bench. At no time did the trial judge make any inquiry of appellant as to whether he executed the waiver contained in the record or if it was his intention to waive his right to a jury trial. Reiterating, an extensive colloquy is not required. Some dialogue, however minimal, is required nonetheless. Absent such inquiry, the trial court in this case was without jurisdiction to conduct a bench trial. See State v. Dominijanni (July 20, 2001), Wood App. No. WD-01-002, unreported, 2001 Ohio App. Lexis 3254.
The state urges this court to find our earlier decision in State v.Gammalo (July 5, 2001), Cuyahoga App. No. 78531, unreported at 9, 2001 Ohio App. Lexis 3027 directly on point with the instant case and, as such, affirm the decision of the lower court. We cannot. It is apparent from a fair reading of Gammalo that, unlike the instant case, the defendant acknowledged in open court that he had signed the waiver. We have no such acknowledgment in this case. Absent such acknowledgment, the trial court was without jurisdiction to conduct the bench trial.
Appellant's sole assignment of error is well taken and is sustained. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and JOHN T. PATTON, J. (Retired Judge of theEighth Appellate District, sitting by assignment), CONCUR.
[1] Appellant filed notices of appeal in cases CR-396839 and CR-355885, which were assigned appellate case numbers 79442 and 79441 respectively. On appeal, these cases were consolidated for briefing and decision. In case number 79441, appellant was indicted for possession of drugs, possessing criminal tools and failure to comply with order or signal of police officer. He eventually pleaded guilty to the drug possession charge and was sentenced accordingly. The remaining charges were nolled. His sole assignment of error on appeal in the consolidated case pertains to whether he validly waived his right to jury on the charges contained in case number 79442. Since no error is assigned that pertains to case number 79441, we will not discuss nor presume any error associated with that case.