JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Calvin Wilkins appeals from his conviction for attempted robbery. For the reasons set forth below, we affirm.
 {¶ 2} On October 29, 2003, defendant was indicted for one count of robbery, with a notice of prior conviction.
 {¶ 3} Defendant pled not guilty. Prior to trial, on December 12, 2003, defendant signed a waiver of his right to a jury trial, which was filed with the clerk of courts on that same day. Also on December 12, 2003, the trial court prepared a journal entry acknowledging that defendant had waived this constitutional right. This entry was filed with the clerk of courts on December 22, 2003.
Proceeding on the record, the court had the following colloquy:
 {¶ 4} "THE COURT: * * * I've been handed a criminal jury waiver form. It appears to have the signature of Mr. Wilkins along with that of counsel, Mr. Christman.
 {¶ 5} "Mr. Christman, have you advised your client of his right to have a jury trial and it's his exclusive right to decide whether this case is tried to a jury or to the Court?
 {¶ 6} "MR. CHRISTMAN: Yes, Your Honor. It's his choice to try it before the Court.
 {¶ 7} "THE COURT: All right. Mr. Wilkins, you understand you have a right to have this case tried before a jury —
 {¶ 8} "THE DEFENDANT: Yes.
 {¶ 9} "THE COURT: — of your peers and only you can waive that right? All right. The State can't force you, or I can't force you to. You have the right to have a jury trial; do you understand that?
 {¶ 10} "MR. CHRISTMAN: They can't force you to waive your right to a jury trial.
 {¶ 11} "THE DEFENDANT: Okay.
 {¶ 12} "THE COURT: Do you understand that?
 {¶ 13} "THE DEFENDANT: (Witness nodding head.)
 {¶ 14} "THE COURT: It's your decision whether to have a jury trial or trial to the Bench; do you understand that?
 {¶ 15} "THE DEFENDANT: Yes.
 {¶ 16} "THE COURT: All right. And it's your — what do you want to do?
 {¶ 17} "THE DEFENDANT: Bench trial.
 {¶ 18} "THE COURT: You want to have a bench trial. All right. Mr. Wilkins, is this your signature on this form here?
 {¶ 19} "THE DEFENDANT: Yes.
 {¶ 20} "THE COURT: All right. Did you sign knowingly, voluntarily, and without any obligation for anything else?
 {¶ 21} "THE DEFENDANT: Yes.
 {¶ 22} "THE COURT: I'll accept the jury waiver and it has to be filed with the clerk's office. And we'll start as soon as it's returned to us." (Tr. 4-6).
 {¶ 23} Following this recess, the parties stipulated that defendant had previously been convicted of the offense of burglary.
 {¶ 24} For its case, the state presented the testimony of Royce Honaker, Jr., the loss prevention manager at Home Depot, paramedic Richard Parker, and Maple Heights Police Officer Mark Cooley.
 {¶ 25} Royce Honaker testified that, on September 17, 2003, he observed defendant unpackage plumbing tools, discard the packaging, and place the tools in his clothing. Defendant then walked to the carpet tools, unpackaged an iron and a hammer-tacker, and concealed these tools in his clothing. Honaker apprised assistant manager Jason Piatek of his observations, then watched as defendant exited the store through the garden area without paying for any merchandise.
 {¶ 26} Honaker approached defendant and identified himself as a security officer. Defendant stepped back into the store, but then fled as Piatek approached. Honaker then grabbed defendant and asked him to cooperate. Defendant then bit Honaker on the forearm in an attempt to get away. Other associates from the store assisted Honaker in handcuffing defendant and bringing him back into the store.
 {¶ 27} Officer Cooley responded to the scene and called for paramedics to examine Honaker's forearm. According to Honaker, the bite mark was actually more visible than depicted in photographs of the incident, and he also suffered abrasions, and his clothing was torn during the altercation.
 {¶ 28} Honaker provided the court with a CD-ROM of the apprehension. He established that defendant resisted apprehension. He also stated that defendant did not complain of being hurt.
 {¶ 29} On cross-examination, Honaker admitted that he refused medical treatment. He also admitted that defendant did not use the tools as weapons, and that the value of the tools was $227.95.
 {¶ 30} Paramedic Richard Parker testified that Honaker had a visible bite mark. The skin was broken but was not bleeding.
 {¶ 31} Officer Cooley testified that he responded to the store in response to a call that a shoplifter was fighting with a security officer. He observed that defendant had been taken to the loss prevention room and had been handcuffed. Cooley observed a bite mark on Honaker's arm and called for paramedics. According to Cooley, Defendant smelled of alcohol and was shaking. He later told Cooley that he was addicted to crack cocaine.
 {¶ 32} Defendant elected to present evidence and testified that he shoplifted items from Home Depot and was stopped. He claimed, however, that Honaker twisted his hand and did not indicate that he was with store security. According to defendant, his finger popped and he simply pushed Honaker away. The finger is broken, and he is still receiving treatment for it. He admitted that he had shoplifted from the store on previous occasions and has a "significant criminal history." He admitted that he waited several days before reporting the injury to his finger. Defendant was convicted of attempted robbery. The trial court determined that a sentence of imprisonment was consistent with the purposes of R.C. 2929.11, and sentenced defendant to a term of six months. Defendant now appeals and assigns a single error for our review.
 {¶ 33} Defendant's assignment of error states:
 {¶ 34} "The trial court was without jurisdiction to conduct a bench trial because the jury waiver in the case at bar was not executed in strict compliance with the statutory requirements."
 {¶ 35} Within this assignment of error, defendant complains that the trial court erred in proceeding with trial because the jury waiver was not executed in open court and was not journalized prior to trial.
 {¶ 36} Crim.R. 23(A)provides that a criminal defendant may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. See, also, State v. Bays (1999),87 Ohio St.3d 15, 19, 1999-Ohio-216, 716 N.E.2d 1126, citing Statev. Ruppert (1978), 54 Ohio St.2d 263, 271, 375 N.E.2d 1250. The manner in which a defendant may effect such a waiver is governed by R.C. 2945.05, which provides, in relevant part:
 {¶ 37} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *
 {¶ 38} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has opportunity to consult with counsel."
 {¶ 39} R.C. 2945.05 states that a defendant in a criminal case may waive a trial by jury and elect to be tried by the court; the waiver "shall be in writing, signed by the defendant, and filed * * * and made a part of the record thereof." Additionally, the "waiver of trial by jury must be made in open court after the defendant has been arraigned and has had the opportunity to consult with counsel."
 {¶ 40} In State v. Pless, 74 Ohio St.3d 333, 1996-Ohio-102,658 N.E.2d 766, paragraph one of the syllabus, the Supreme Court construed this statute and stated:
 {¶ 41} "In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury."
 {¶ 42} In distinguishing Pless from State ex rel. Larkinsv. Baker (1995), 73 Ohio St.3d 658, 653 N.E.2d 701, a case in which the trial judge placed the defendant's waiver in the court's case file, but never filed it of record with the clerk's office, the supreme court stated:
 {¶ 43} "* * * the record before us contains no evidence that appellants [sic] signed jury waiver form was ever included in the trial courts case file. * * * The trial court issued an entry specifically acknowledging that appellant had, in fact, waived his right to trial by jury. However, we find that there was a failure to strictly comply with R.C. 2945.05, since there is no evidence that appellants [sic] signed waiver form was ever filed and made part of the record in this case."
 {¶ 44} As to defendant's claim that the waiver must be "signed in open court," we note that in State v. Thomas,
Cuyahoga App. No. No. 82130, 2003-Ohio-6157, this Court stated:
 {¶ 45} "Crim.R. 23(A) and R.C. 2945.05 are satisfied when, after arraignment and opportunity to consult with counsel, defendant signs a written statement affirming that he or she knowingly and voluntarily waives his or her constitutional right to a trial by jury and the court reaffirms this waiver in open court. State v. Ford, Cuyahoga App. Nos. 79441 and 79442, 2002-Ohio-1100, citing State v. Walker (1993),90 Ohio App.3d 352, 358, 629 N.E.2d 471.
 {¶ 46} "It is not necessary that the waiver be signed in open court to be valid, so long as the trial court engages in a colloquy with the defendant extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right. Id.; State v. Huber,
Cuyahoga App. No. 80616, 2002-Ohio-5839, citing State v.Gammalo (July 5, 2001), Cuyahoga App. Nos. 78531, 2001 Ohio App. LEXIS 3027." Accord State v. Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649 (Colloquy sufficient to satisfy the statute's open-court requirement where the trial judge determined that the defendant understood that he was entitled to a trial by jury, that by signing the form, he was waiving that right, and that he knowingly and intelligently waived his right to a jury trial). See, also, State v. Phillips, Cuyahoga App. No. 82886, 2004-Ohio-484.
 {¶ 47} As to defendant's additional complaint that the waiver was not journalized prior to trial, this court has repeatedly held that strict compliance with R.C. 2945.05 is met upon filing the jury waiver; there is no rule pertaining to when the filing must occur. State v. Franklin, supra, citing State v.McKinney, Cuyahoga App. No. 80991, 2002-Ohio-7249; State v.Sekera, Cuyahoga App. No. 80690, 2002-Ohio-5972; State v.Antonic (Nov. 22, 2000), Cuyahoga App. No. 77678.
 {¶ 48} In this matter, the jury waiver form signed by defendant was filed on the first day of trial, waiver occurred before trial and the waiver form was filed, time-stamped and placed in the record. The jury waiver was therefore obtained in accordance with the requirements of R.C. 2945.05 and, accordingly, the trial court had jurisdiction to conduct a bench trial in this matter.
 {¶ 49} The assigned error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and McMonagle, J., Concur.