JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Eddie Rankin, appeals his conviction and subsequent sentence for drug related offenses. After a thorough review of the arguments and for the reasons set forth below, we affirm the conviction, but vacate the sentence and remand for resentencing.
 {¶ 2} On November 19, 2003, appellant was indicted on 17 counts of drug related offenses. The indictment included seven counts of drug trafficking, in violation of R.C. 2925.03; five counts of possession of drugs, in violation of R.C. 2925.1; three counts of illegal manufacture of drugs, in violation of R.C.2925.04; one count of possessing criminal tools, in violation of R.C. 2923.24; and one count of having a weapon while under a disability, in violation of R.C. 2923.13. Several of the charges against appellant carried firearm specifications and major drug offender specifications. At his arraignment, appellant entered a plea of not guilty to all charges.
 {¶ 3} The facts that gave rise to this appeal occurred on March 5, 2004. On that day, appellant appeared in the common pleas court. The trial court was informed by the state that appellant had consented to a plea agreement. The appellant would plead guilty to an amended indictment of one count of drug trafficking, in violation of R.C. 2925.03, and one firearm specification; all other counts would be dismissed. In addition, appellant agreed to serve a six-year prison sentence for drug trafficking, plus a mandatory one-year sentence for the firearm specification.
 {¶ 4} After the appellant entered his guilty plea to the amended indictment, the trial court entered into a Crim.R. 11 colloquy with him. The trial court specifically inquired whether he understood that by entering a guilty plea, he was giving up his right to require the state to prove his guilt beyond a reasonable doubt. The appellant responded affirmatively. The trial court then discussed the terms of the amended indictment; the appellant again responded affirmatively when asked if he understood. In addition, the trial court informed the appellant that, by entering into a plea agreement, he would have to serve his seven-year prison term in its entirety. As a result of the plea agreement, the appellant was sentenced to a seven-year term of incarceration.
 {¶ 5} On July 13, 2005, the appellant initiated this appeal, asserting one assignment of error through his legal counsel and three additional pro se assignments of error for our review.
 {¶ 6} "I. The trial court erred by imposing a prison term greater than the statutory minimum term and/or imposing a one year consecutive sentence for appellant's conviction in case No. CR-445610 because the trial court considered facts that were neither admitted by appellant nor determined by a jury."
 {¶ 7} Appellant argues that the trial court erred when it imposed a term of incarceration greater that the statutory minimum, as well as a consecutive term of incarceration. More specifically, he asserts that the trial court did not make the proper findings before imposing the prison terms.
 {¶ 8} The Ohio Supreme Court's recent decision in State v.Foster, Ohio St.3d, 2006-Ohio-856, renders the appellant's assignment of error without merit for purposes of this appeal. InFoster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(E)(4), 2929.41(A), R.C.2929.14(B) and (C), and 2929.19(B)(2), which are at issue in this appeal, and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster, supra.
 {¶ 9} Because appellant's sentence was based on unconstitutional statutes, it is deemed void. Therefore, in accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate the appellant's sentence and remand this case to the trial court for a new sentencing hearing.
Appellant's Pro Se Assignments of Error
 {¶ 10} Due to the nature of the appellant's pro se assignments of error, which do not directly correspond to this court's standards of review, we have reviewed his arguments and have asserted our best effort to address them by applying the most comparable standards of review.
 {¶ 11} "I. Appellant contends that the amended indictment violated his right to notice of all of the elements necessary to charge a drug trafficking offense and added an element regarding more than twenty-five grams of crack cocaine not found by the grand jury."
 {¶ 12} In his first pro se assignment of error, appellant argues that the amended indictment violated his right to notice of the elements necessary to charge him with a drug trafficking offense. In addition, he asserts that the increased amount of drugs included in the amended indictment was never established by the grand jury. Essentially, he asserts that the circumstances surrounding the amended indictment render his guilty plea invalid.
 {¶ 13} Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a plea of guilty in a felony case without first personally addressing the defendant and determining whether he is making the plea voluntarily and with full understanding of the nature of the charge and of the maximum penalty involved.
 {¶ 14} Although the appellant argues that his guilty plea was invalid, this court finds no merit in his argument. At the time that he entered his plea, there was a lengthy colloquy with the trial court discussing the charges contained in the amended indictment. During that discussion, the following exchange occurred:
 {¶ 15} "THE COURT: And do you fully understand what it is you will be pleading guilty to?
 {¶ 16} "DEFENDANT RANKIN: Yes.
 {¶ 17} "THE COURT: And you heard Miss Hilow [prosecutor] ask the court to amend count 7 to reflect the amount of crack cocaine, a schedule II drug in question, was greater than 25 grams, but less than 100 grams, making that a felony of the first degree. As to Mr. Rankin, the gun specification will remain. * * * and Mr. Rankin has agreed to six plus one on the gun for a total of seven years of incarceration. Do you understand?
 {¶ 18} "DEFENDANT RANKIN: Yes, ma'am."
 {¶ 19} The trial court made every effort to ensure that the appellant understood the charges against him and the ramifications of entering a guilty plea. When asked whether he understood the specifics of the amended indictment, the appellant did not express any confusion, but rather answered that he understood.
 {¶ 20} In addition to the trial court's statements, the state entered into a plea agreement with the appellant where the amended indictment was explained and the plea agreement that resulted was presented to the trial court. Although the appellant now asserts the argument that he was unaware of the specifics of the amended indictment, thus he could not have entered a valid guilty plea to that indictment, it is clear from his own statements that his guilty plea was knowingly, voluntarily and intelligently given. Accordingly, the trial court was not in error when it accepted the appellant's guilty plea, and this assignment of error is without merit.
 {¶ 21} "II. Appellant contends that the forfeiture of money in this case violates the tenets of Blakely v. Washington
(2004), 124 S.Ct. 2531, where the additional punishment was imposed without securing a waiver of the right to trial by jury or consent from the appellant."
 {¶ 22} Although this assignment of error is somewhat difficult to decipher, we have asserted our best effort to address the argument. It appears that the appellant is arguing that the trial court's mandate that he forfeit the funds seized at the time of his arrest was improper because the forfeiture of the funds constituted an additional penalty for which he never waived his right to a jury trial. We find no merit in this argument.
 {¶ 23} Crim.R. 23(A) provides that a criminal defendant may knowingly, intelligently and voluntarily waive in writing his or her right to a trial by jury. State v. Bays, 87 Ohio St.3d 15,19, 1999-Ohio-216, 716 N.E.2d 1126, citing State v. Ruppert
(1978), 54 Ohio St.2d 263, 271, 375 N.E.2d 1250. R.C. 2945.05
provides in pertinent part:
 {¶ 24} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. [Said waiver] must be made in open court after the defendant has ben arraigned and has opportunity to consult with counsel." State v. Pless,74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766.
 {¶ 25} Although the appellant argues that he never waived his right to a jury trial concerning the forfeiture of funds confiscated at the time of his arrest, this court does not agree. The appellant entered into a valid plea agreement with respect to the charges against him, which included the funds confiscated at the time of his arrest. The appellant was fully apprised of the terms of the plea agreement and accepted those terms under the guidance of his attorney. Before the appellant entered his guilty plea, the trial court discussed the terms of the plea agreement with him and informed him that by pleading guilty he would be waiving his right to have the prosecution establish his guilt beyond a reasonable doubt. The appellant answered affirmatively when asked whether he understood the ramifications of entering a guilty plea.
 {¶ 26} Accordingly, the appellant entered a valid waiver of trial by jury with respect to the funds seized at the time of his arrest when he entered into a plea agreement regarding his case in its entirety, and this assignment of error is without merit.
 {¶ 27} "III. Appellant contends plain error ensued when the trial court in error, advised him that post-release control could be anywhere from three to five years. Appellant contends that R.C. 2967.28(B) requires a trial court to make findings in the record that certain elements was [sic] committed during the commission of a first degree felony offense before an offender can be subjected to any period of post-release control."
 {¶ 28} Lastly, the appellant argues that the trial court erred when it failed to inform him that post release control would extend for a period of approximately three to five years. Specifically, he asserts that the trial court did not make a definite statement regarding the exact time frame of his post release control when it stated that post release control "could be anywhere from three to five years." He further argues that the trial court failed to make findings on the record that he had committed certain elements of a crime that would subject him to post release control.
 {¶ 29} R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post release control sanctions in a reasonably thorough manner. Woods v.Telb, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103. "Post release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post release control from the trial court, appellant could not fully understand the consequences of his plea as required by Criminal Rule 11(C)."State v. Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344.
 {¶ 30} Although the appellant argues that he was improperly informed about the specific terms of post release control and whether he committed certain crimes that would subject him to post release control at all, we do not agree. The following exchange took place when the trial court entered into a sentencing colloquy with the appellant regarding post release control:
 {¶ 31} "THE COURT: And what you should also know is that you will serve each and every day of those respective prison sentences. You will not be eligible for judicial release, nor any good time credit; and when you are released, there is mandatory post-release control.
 {¶ 32} "That could be anywhere from three to five years. It could be inactive, but it could have conditions and a violation of any of the conditions attached to post release control could result in additional consequences up to and including reindictment on an escape charge and/or reincarceration for half of the original sentence. Do you understand?
 {¶ 33} "DEFENDANT RANKIN: Yes.
 {¶ 34} "THE COURT: Any questions?
 {¶ 35} "DEFENDANT RANKIN: No."
 {¶ 36} It is clear from the above statements that the appellant was properly informed of the terms of post release control. The trial court discussed the terms of post release control with the appellant and specifically stated that upon his release, he would be subject to it. Although the appellant argues that the trial court's use of the word "could" in reference to the possible length of post release control is improper, it is clear that the use of the word is entirely appropriate. In accordance with R.C. 2943.032(E), the appellant was informed in a reasonably thorough manner that upon his release he would be subject to mandatory post release control that could span any period of time between three and five years.
 {¶ 37} Accordingly, the trial court was in full compliance with the mandates of R.C. 2943.032(E) when it addressed the issue of post release control, and this assignment of error is without merit.
Conviction affirmed, sentence vacated, cause remanded for resentencing.
This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., Concurs;
Corrigan, J., Concurs in Part and Dissents in Part (Seeattached Separate Opinion).