OPINION
{¶ 1} Phillip Townsend (hereinafter "Townsend" or "appellant"), appellant herein, appeals the judgment of the Marion County Court of Common Pleas, finding him guilty of OMVI, a violation of R.C. 4511.19(A)(1) and Driving Under Suspension, a violation of R.C. 4506.02(D)(2).
 {¶ 2} On December 9, 2002 Townsend's motor vehicle was traveling west on State Route 309 in Marion, Ohio. The vehicle was driven off the side of the road, striking several mailboxes and ultimately hitting a tree. Residents living near the accident scene called the police. When the police arrived, they discovered that the car involved in the accident belonged to Townsend, but he was not at the scene.
 {¶ 3} Thirty minutes after the accident, officers apprehended Townsend approximately 1.5 miles from the accident site. He was walking along State Route 309 to his home when the officers found him. The keys to the vehicle involved in the accident were found in his pocket.
 {¶ 4} Appellant was charged with OMVI and Driving Under Suspension. The case was scheduled for a jury trial on April 29, 2003.
 {¶ 5} The day before trial was set to begin, Townsend appeared in court and waived his right to a jury trial. A wavier of trial by jury was signed by Townsend. The waiver was filed April 28, 2003.
 {¶ 6} On April 29, 2003, a bench trial was held. At trial, Townsend testified that he was only a passenger in the car and that one of his friends was driving. He claimed that his friend fled the scene immediately after the crash and he had not seen him since. Following the presentation of evidence, the court found appellant guilty.
 {¶ 7} On July 3, 2003, Townsend was sentenced to two years of community control sanctions in lieu of a nine-month prison term. The court also imposed a separate thirty-day sentence for Driving Under Suspension to be served concurrent with the OMVI sentence.
 {¶ 8} It is from this decision that appellant appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed error prejudicial to defendant-appellant inproceeding to a trial before the court without having received a validwaiver of a jury trial.
 {¶ 9} Crim.R. 23(A) provides that a criminal defendant may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. State v. Bays (1999), 87 Ohio St.3d 15, 19, citing Statev. Ruppert (1978), 54 Ohio St.2d 263, 271. The manner in which a defendant may affect such a waiver is governed by R.C. 2945.05, which provides, in relevant part:
In all criminal cases pending in courts of record in this state, thedefendant may waive a trial by jury and be tried by the court without ajury. Such waiver by a defendant shall be in writing, signed by thedefendant, and filed in said cause and made a part of the recordthereof. It shall be entitled in the court and cause and in substance asfollows: `I ____, defendant in the above cause, hereby voluntarily waiveand relinquish my right to a trial by jury, and elect to be tried by aJudge of the Court in which the said cause may be pending. I fullyunderstand that under the laws of this state, I have a constitutionalright to a trial by jury.'
 Such waiver of trial by jury must be made in open court after thedefendant has been arraigned and has opportunity to consult withcounsel.
Thus, R.C. 2945.05 requires that a jury waiver be in writing, signed by the defendant, filed and made a part of the record.
 {¶ 10} Crim.R. 23(A) and R.C. 2945.05 are satisfied when, after arraignment and opportunity to consult with counsel, the defendant signs a written statement affirming that he or she knowingly and voluntarily waives his or her constitutional right to a trial by jury and the court reaffirms this waiver in open court. State v. Ford (2002), Cuyahoga App. Nos. 79441 and 79442, 2002-Ohio-1100, citing State v. Walker (1993),90 Ohio App.3d 352, 258.
 {¶ 11} A waiver of jury trial may not be presumed from a silent record; however, if the record shows a jury waiver, the verdict will not be set aside except on a plain showing that the waiver was not freely andintelligently made. State v. Bays (1999), 87 Ohio St.3d 15, 19, citingAdams v. United States ex rel. McCann (1942), 317 U.S. 269, 281. (Emphasis added.) Since the record in the instant case demonstrates that Townsend executed a jury waiver, Townsend has the burden to make a "plain showing" that the waiver was not freely and intelligently made.
 {¶ 12} Appellant argues that the waiver in the case sub judice is defective for two reasons. First, appellant asserts that the waiver is invalid because he was not advised of his right to jury and the effect of a waiver on the record in open court. The appellant claims that there is no record of any colloquy between the trial judge and appellant regarding the waiver of the right to jury trial.
 {¶ 13} A colloquy is sufficient if it is extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right. State v. Huber (2002), Cuyahoga App. No. 80616, 2002-Ohio-5839 (citation omitted). There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. State v. Jells (1990), 53 Ohio St.3d 22, 26.
 {¶ 14} Despite the appellant's assertion that there was no dialogue regarding the waiver,[1] the record in the present case indicates that there was a colloquy between the trial judge and Townsend before the waiver of jury trial was executed. A hearing was held on April 28, 2003, for the sole purpose of executing the waiver. The hearing transcript reveals that the court inquired as to whether defense counsel had discussed the waiver with Townsend. Defense counsel replied affirmatively, stating:
We discussed various options of both a jury trial and a court trial. Ithink Mr. Townsend has also consulted with his family and friendsregarding that same issue, and has come to the conclusion, with me, thatthe trial by court would be in his best interest in this particularcase.
We, therefore, find that the colloquy in the case sub judice was extensive enough for the trial judge to be satisfied the waiver was knowingly and intelligently made.
 {¶ 15} Next, appellant argues that the waiver is invalid because it fails to include the suggested language of R.C. 2945.05. The appellant specifically objects to the fact the waiver does not mention that the right to trial by jury is guaranteed under the United States Constitution and the laws of Ohio.
 {¶ 16} The requirements of R.C. 2945.05 are clear and unambiguous. The statute requires that in order to effectuate a valid waiver of the right to trial by jury, the defendant in a criminal action must sign a written waiver, and the waiver must be filed and made a part of the record in the criminal case. R.C. 2945.05; State v. Pless (1996),74 Ohio St.3d 333, 337. The statute further provides that the waiver language should be "in substance" that which is suggested by the statute. The statute does not, however, mandate or require any particular language. Moreover, this court has held that substantial compliance with the language of R.C. 2945.05 is satisfactory. State v. Walker (1993),90 Ohio App.3d 352. There is no requirement that language identical to that suggested by R.C. 2945.05 appear on the waiver.
 {¶ 17} The waiver in the case sub judice stated as follows:
Phillip Townsend, having been indicted by the Grand Jury of MarionCounty, Ohio, the Indictment was filed on the 9th day of January,2003, for the crime of Driving While Intoxicated and Driving UnderSuspension and the said case having been set for trial in Marion Countyon the 29th-30th day of April, 2003 at 9:00 a.m., does hereby consentto the trial of the said indictment by the court, without a jury.Defendant has been advised of his right to have his case tried to a juryand knowingly, voluntarily, and intelligently waives his right to a jurytrial in this matter.
This waiver was then signed, filed and made a part of the record.
 {¶ 18} After reviewing the record, we find that the waiver of jury trial satisfied all of the requirements of R.C. 2945.05. Although the language of the waiver could have more closely resembled that suggested by statute, the waiver substantially complied with the language of R.C.2945.05. We, therefore, hold that appellant has not made a "plain showing" that the waiver was defective.
 {¶ 19} Accordingly, appellant's assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Walters and Shaw, JJ., concur.
[1] The transcript of the hearing to execute the waiver of jury trial was not originally included in the record when transmitted to the Court of Appeals, as the transcript was completed subsequent to the filing of appellant's brief. However, the transcript of the hearing, by way of motion to supplement by the state, has now been made part of the record for our review.