OPINION *Page 2 
{¶ 1} Defendant-Appellant, Robert Tosco ("Tosco"), appeals from the March 26, 2008 Judgment Entry of Sentencing of the Court of Common Pleas, Marion County, Ohio sentencing him to a prison term of 10 months for one count of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), a felony of the fifth degree; a prison term of six years for one count of Possession of Cocaine in violation of R.C. 2925.11(A), (C)(4)(d), a felony of the second degree; a prison term of one year for one count of Trafficking in Marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(c), a felony of the fourth degree; and a prison term of one year for one count of Possession of Marijuana in violation of R.C. 2925.11(A), (C)(3)(c), a felony of the fifth degree. The court ordered that the counts of Trafficking and Possession of Marijuana be served concurrently, but consecutive to the other counts for a total prison term of seven years and ten months.
 {¶ 2} This matter stems from a drug sale occurring on December 27, 2007 and a subsequent search of Tosco's residence. Detective Robert Musser of the Marion Police Department testified that he was conducting surveillance on December 27, 2007 at Tosco's residence because it was a known drug house. As he was watching the residence, a blue Chrysler Sebring pulled into the back driveway, and a male entered the house and then left approximately eleven minutes later. *Page 3 
 {¶ 3} The driver of the Sebring failed to use a turn signal when he was leaving the residence, so Detective Musser called Deputy Scheiderer to effectuate a traffic stop. Jason Bennett ("Bennett") was identified as the driver of the car. Bennett was searched and arrested for possession of 233 grams of marijuana and approximately five and a half grams of cocaine. He was taken to the police station where he was questioned. Bennett told Detective Musser that he purchased the drugs from Tosco while he was inside Tosco's residence. Bennett testified as to how he made contact with Tosco on December 27, 2007 to purchase the drugs. When Bennett arrived at Tosco's house, he informed Tosco that he wanted a "half pound of marijuana and an eight ball and a teener of cocaine" (Tr.p. 35). In exchange, Bennett gave Tosco $700 and Tosco went upstairs and, about ten minutes later, came down with the marijuana and cocaine he had requested.
 {¶ 4} Based on this information, Detective Musser obtained a search warrant for Tosco's residence. Deputy Jason Dutton of the Marion County Sheriffs Department testified that he was on drug detail on the evening of December 27, 2007. Deputy Dutton received a radio call informing him that a traffic stop had been made involving Bennett and that Bennett had purchased a large amount of drugs from a house nearby. After proceeding to the area of the traffic stop, Deputy Dutton was instructed to sit outside Tosco's house to make sure no one entered or left the house until a search warrant could be obtained. *Page 4 
Deputy Dutton observed the house for approximately an hour before the search warrant was executed.
 {¶ 5} Detective Musser testified that he went to the residence along with other officers to execute the search warrant. Detective Steven Chase of the Marion Police Department testified that upon entering Tosco's residence, he arrested Tosco and searched him. When Detective Chase searched Tosco, he found his wallet containing $700 in the back divider and five two-dollar bills in the front divider. During the search of house, the officers discovered a large amount of drugs in an upstairs bedroom, including cocaine and marijuana. Upon further search of the house, a nine millimeter loaded handgun was found with five boxes of nine millimeter rounds and a loaded eight round magazine. In the bedroom, he also discovered a box of plastic sandwich baggies along with a bottle of inositol powder, a substance commonly used to dilute cocaine. In a search of the closet in an adjacent bedroom, he discovered boxes containing surveillance cameras, digital scales, and homemade marijuana bongs.
 {¶ 6} In January 2008 the Marion County Grand Jury indicted Tosco on one count of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), a felony of the fifth degree; one count of Possession of Cocaine in violation of R.C. 2925.11(A), (C)(4)(d), a felony of the second degree; one count of Trafficking in Marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(c), a felony of the fourth degree; and, one count of Possession of Marijuana in violation of *Page 5 
R.C. 2925.11(A), (C)(3)(c), a felony of the fifth degree. Subsequently, Tosco entered a plea of not guilty to all counts in the indictment.
 {¶ 7} In March 2008, a pre-trial conference was held, at which Tosco's trial counsel informed the trial court that he had recommended to Tosco that he take the plea agreement due to the overwhelming amount of evidence against him, but that Tosco wished to proceed to trial. The following discussion then took place between the trial court and Tosco:
 Trial Court: Well, I guess Mr. Tosco, I guess that's what the question is then from your attorney, my guess is your intention to go forward to trial on this matter?
 * * *
 Tosco: Yes, sir.
 * * *
 Trial Court: Alright. You know, it's not a situation where you're intending to try and do a plea, you know, later on the day of trial or something like that instead of going forward to trial on the date of trial? Because one thing I'll tell you is it's a smart thing if you want to do a plea on this thing to do it before the day of trial. Because once you do it on the day of trial there have been sixty people who have been brought in and have [sic] their days disrupted. Even if you're gonna plea on that, sixty people's days have been disrupted. And that's not a favorable thing.
 * * * Tosco: Right.
 * * *
 Trial Court: That's something that we want to try and avoid. That's why it's smarter, if you want to plead, that you plead *Page 6 before the day of trial rather than on the day of trial. But you know, obviously the decision is up to you as to what you want to do. If you want to take the thing to trial, to trial it will go Tuesday.
 * * *
 Tosco: Thank you.
(Mar. 20, 2008 Pre-Trial Tr.p. 18-19).
 {¶ 8} After this discussion, the State then articulated the following:
 Your Honor, I would just like to place on the record that the State will leave its recommendation open until we leave the courtroom today. Once we conclude this hearing the State will not be bound by our recommendation. We intend to be recommending eleven and a half years on all these charges. Each charge — the maximum, to be served consecutively to each other for a total of eleven and a half years, and that will be our recommendation if this case proceeds to trial, and, you know, we're able to obtain a conviction.
(Id. at p. 19).
 {¶ 9} Subsequently, a later hearing was held in which Tosco waived his right to a jury trial and requested a bench trial. At the hearing, the trial court engaged in a colloquy with Tosco, informing him of his right to be tried by a jury of twelve persons and that he was waiving this right by proceeding to a bench trial. Tosco then executed a waiver of jury trial and the trial court accepted the waiver, finding that Tosco freely and voluntarily waived his right. The waiver of jury trial read as follows:
 Pursuant to Crim. R. 23(A), and R.C. 2945.05, I, ROBERT T. TOSCO, Defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury in this case, and elect *Page 7 to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a right to a trial by jury in a criminal case.
 {¶ 10} This case proceeded to a bench trial on March 25, 2008. After the State rested, Tosco made a Crim. R. 29 motion to dismiss the counts of Possession and Trafficking in Cocaine on the grounds that the State had failed to show a nexus between the cocaine found in Tosco's bedroom and his control of those drugs, and that Bennett denied having cocaine when he was initially pulled over, therefore he could have been lying about purchasing it from Tosco. The trial court overruled the motion.
 {¶ 11} Tosco presented no evidence, and, after closing arguments and a short deliberation, the trial court convicted him on all counts in the indictment. The case then proceeded directly to sentencing. At sentencing, the trial court sentenced Tosco to a prison term of 10 months for one count of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), a felony of the fifth degree; a prison term of six years for one count of Possession of Cocaine in violation of R.C. 2925.11(A), (C)(4)(d), a felony of the second degree; a prison term of one year for one count of Trafficking in Marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(c), a felony of the fourth degree; and a prison term of one year for one count of Possession of Marijuana in violation of R.C. 2925.11(A), (C)(3)(c), a felony of the fifth degree. The court ordered that the counts of Trafficking and Possession of Marijuana be served concurrently, but *Page 8 
consecutive to the other counts for a total prison term of seven years and ten months. The trial court further ordered a six-month driver's license suspension and a $7,500 fine.
 {¶ 12} Tosco now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR I SINCE APPELLANT DID NOT WAIVE HIS JURY TRIAL IN STRICT COMPLIANCE WITH R.C. 2945.05, THE TRIAL COURT LACKED JURISDICTION TO TRY APPELLANT WITHOUT A JURY AND DENIED APPELLANT HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL. ASSIGNMENT OF ERROR II
 THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE GUILTY VERDICTS OF THE TRIAL COURT. ASSIGNMENT OF ERROR III
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ABUSED ITS DISCRETION IN [SIC] WHEN IT GAVE APPELLANT AN EXCESSIVE SENTENCE.
First Assignment of Error
 {¶ 13} In this first assignment of error, Tosco argues that the trial court erred in trying him without a jury because the jury waiver failed to strictly comply with the requirements of R.C. 2945.05. Specifically, Tosco asserts that R.C. 2945.95 requires jury waivers to include the language that a defendant is waiving his constitutional right to a trial by jury, but that the jury waiver he signed did not include the word "constitutional," therefore his waiver was constitutionally deficient.
 {¶ 14} The Sixth Amendment to the United States Constitution and Article I, Section Ten of the Ohio Constitution guarantee a criminal defendant the right to a jury trial. See State ex rel. City of Columbusv. Boyland (1979), 58 Ohio St.2d 490, 391 N.E.2d 324, fn1. Pursuant to Crim. R. 23(A), a criminal defendant may knowingly, voluntarily, and intelligently waive this constitutional right to a jury trial. State v.Bays, 87 Ohio St.3d 15, 19, 716 N.E.2d 1126, 1999-Ohio-216 citingState v. Ruppert (1978), 54 Ohio St.2d 263, 271, 375 N.E.2d 1250. R.C. 2945.05 governs the manner in which a jury trial is to be waived and provides, in pertinent part, as follows:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I__________, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
 {¶ 15} Accordingly, R.C. 2945.05 requires that a jury trial waiver be in writing and on the record after arraignment and an opportunity to consult with *Page 10 
counsel. State v. Townsend, 3d Dist. No. 9-03-40, 2003-Ohio-6992, ¶ 12. Furthermore, the written waiver of jury trial must contain similar language to that set forth in R.C. 2945.05. However, we note that substantial compliance with the statutory language is sufficient. SeeState v. Walker (1993), 90 Ohio App.3d 352, 356, 629 N.E.2d 471.
 {¶ 16} A waiver of the right to a jury trial will not be presumed from a silent record; however, when the record evidences a waiver, "the verdict will not be set aside except on a plain showing that the waiver was not freely and intelligently made." Bays, 87 Ohio St.3d at 19. Furthermore, a written waiver is presumed to be given knowingly, voluntarily, and intelligently. Id. citing United States v. Sammons
(C.A.6, 1990), 918 F.2d 592, 597.
 {¶ 17} Here, the record evidences both an oral and written waiver. Accordingly, we presume Tosco's written waiver was given knowingly, voluntarily, and intelligently, and Tosco must clearly show that his waiver was not freely and intelligently made.
 {¶ 18} In Townsend, 2003-Ohio-6992, this Court addressed the issue of whether a written waiver complied with R.C. 2945.05. The waiver at issue provided as follows:
 Phillip Townsend, having been indicted by the Grand Jury of Marion County, Ohio, the Indictment was filed on the 9th day of January, 2003, for the crime of Driving While Intoxicated and Driving Under Suspension and the said case having been set for trial in Marion County on the 29th-30th day of April, 2003 at 9:00 a.m., does hereby consent to the trial of the said indictment *Page 11 by the court, without a jury. Defendant has been advised of his right to have his case tried to a jury and knowingly, voluntarily, and intelligently waives his right to a jury trial in this matter.
This Court found that, even though the language of that waiver did not verbatim recite the language set forth under R.C. 2945.05, the waiver substantially complied with the statute and was valid.
 {¶ 19} In the case at bar, the waiver signed by Tosco was exact in all respects to the language set forth under R.C. 2945.05, except that the waiver omitted the word "constitutional" before the words "right to a trial by jury." Although the word "constitutional" is important, as it sets forth the source of the right to a trial by jury, we find the omission of one word from the language of the statute does not rise to the level of making the waiver invalid. This Court has previously found in Townsend, supra, that a waiver which also omitted the word constitutional, in addition to not as closely following the language of R.C. 2945.05, substantially complied with the statute. As such, we also find that the language in this waiver substantially complies with R.C. 2945.05.
 {¶ 20} Furthermore, Tosco presents no evidence to demonstrate that the omission of the word "constitutional" somehow prevented him from fully understanding the nature of the right he was waiving, thereby making his waiver coerced or unintelligent. Accordingly, we overrule Tosco's first assignment of error. *Page 12 
 Second Assignment of Error {¶ 21} In his second assignment of error, Tosco argues that the trial court's findings[1] of guilt were not supported by sufficient evidence. Specifically, Tosco asserts that his convictions for trafficking in cocaine and marijuana were not supported by sufficient evidence because the State only presented one interested witness, who had previously lied to the police, to testify to the sale of the drugs, and that his convictions for possession of marijuana and cocaine were not supported by sufficient evidence because no evidence was presented demonstrating he had actual or constructive possession of the drugs, and because evidence was not presented demonstrating that he possessed over two hundred grams of marijuana as charged under R.C. 2925.11(A), (C)(3)(c).
 {¶ 22} Initially we note that Tosco moved for a Crim. R. 29(A) judgment of acquittal at trial only on the trafficking and possession of cocaine charges. As such, he preserved error on the trafficking and possession of cocaine charges, but waived all but plain error on the possession and trafficking of marijuana charges. See Crim. R. 29(A); State v. Roe
(1989), 41 Ohio St.3d 18, 25, 535 N.E.2d 1351. In order to have plain error under Crim. R. 52(B) there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." State v. Barnes, 94 Ohio St.3d 21, 27,759 N.E.2d *Page 13 
 {¶ 23} 1240, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros, 78 Ohio St.3d 426, 431,678 N.E.2d 891, 1997-Ohio-204; see State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825.
 {¶ 24} When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Monroe, 105 Ohio St.3d 384, 392, 827 N.E.2d 285,2005-Ohio-2282 citing State v. Jenks (1981), 61 Ohio St.3d 259,574 N.E.2d 492 (superseded by state constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668,1997-Ohio-355). Sufficiency is a test of adequacy, State v.Thompkins, 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 1997-Ohio-52, and the question of whether evidence is sufficient to sustain a verdict is one of law. State v. Robinson (1955), 162 Ohio St. 486, 124 N.E.2d 148
(superseded by state constitutional amendment on other grounds as stated in Smith, supra).
 {¶ 25} R.C. 2925.03(A)(1) sets forth the elements of drug trafficking offenses. It provides that no person shall knowingly "sell or offer to sell a *Page 14 
controlled substance." Furthermore, R.C. 2925.03(C)(4)(a) provides that trafficking in cocaine is a felony of the fifth degree, and R.C. 2925.03(C)(3)(c) provides that trafficking in marijuana in an amount equal to or exceeding two hundred grams is a felony of the fourth degree.
 {¶ 26} R.C. 2925.11(A) sets forth the elements of drug possession offenses, stating that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Additionally, R.C. 2925.11(C)(4)(d) provides that possession of an amount of cocaine that "equals or exceeds one hundred grams but is less than five hundred grams of cocaine * * *" is a felony of the second degree; R.C. 2925.11(C)(3)(c) provides that possession of an amount of marijuana greater than two hundred grams but less that one thousand grams is a felony of the fifth degree; and R.C. 2925.11(C)(3)(b) provides that possession of an amount of marijuana greater than one hundred grams but less than two hundred grams is a misdemeanor of the fourth degree. Furthermore, drug possession under R.C. 2925.11(A) can be proven by circumstantial evidence or mere constructive possession. State v. Moyar, 3d Dist. No. 2-06-10,2006-Ohio-5974, ¶ 13, citing State v. Maag, 3d Dist. No. 5-03-32,2005-Ohio-3761, ¶ 33.
 {¶ 27} Here, Tosco was charged with one count of trafficking in cocaine under R.C. 2925.03(A)(1), (C)(4)(a), one count of trafficking in marijuana under R.C. 2925.03(A)(1), (C)(3)(c), one count of possession of cocaine under R.C. 2925.11(A), (C)(4)(d), and one count of possession of marijuana under *Page 15 
R.C. 2925.11(A), (C)(3)(c). At trial, Jason Bennett testified that he purchased cocaine and marijuana from Tosco for $700. Detective Musser also testified that he observed Bennett arrive at Tosco's home, go inside for about eleven minutes, and then exit. When Bennett was stopped and arrested minutes later, 233 grams of marijuana and over five grams of cocaine were found in his car which Bennett told Officers he purchased from Tosco. Furthermore, a laboratory report was admitted at trial which demonstrated that the substances found in Bennett's car were over five grams of cocaine and over two hundred grams of marijuana respectively.
 {¶ 28} Also at trial, Detective Chase and Detective Musser testified that, upon entering Tosco's home to execute the search warrant, they found several substances that appeared to be cocaine and marijuana. Detective Chase also testified that he found scales for measuring drugs, plastic sandwich baggies, drug paraphernalia, and $700 in a separate divider in Tosco's wallet. A laboratory report was admitted at trial which demonstrated that the substances found in Tosco's home were over 138 grams of cocaine and 157.1 grams of marijuana respectively. While Detective Chase testified that no drugs were found on Tosco's person, he did testify that the drugs were found in the upstairs bedroom of his home, only a few feet from where they found Tosco when they entered the house, along with mail addressed to Tosco. Additionally Bennett testified that, when he purchased the drugs from Tosco, he went upstairs to get the drugs, further evidencing Tosco's possession. *Page 16 
 {¶ 29} Moreover, it is well settled law in Ohio that "[circumstantial evidence and direct evidence inherently possess the same probative value." State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492
(overruled on other grounds). See also State v. Mercado, 3rd Dist. No. 9-06-68, 2008-Ohio-3219. Therefore, Bennett's testimony that Tosco had possessed the 233 grams of marijuana prior to selling it to Bennett was probative as to the element of possession.
 {¶ 30} Finally, we note that, in his reply brief, Tosco argues that his convictions for possession and trafficking of marijuana violate R.C. 2941.25, because they are allied offenses of similar import. This alleged error should have been asserted as a separate assignment of error and was not supported by any argument or authority. Pursuant to App. R. 16(A)(7) and App. R. 12(A)(2), we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority; but, in the interests of justice, we elect to summarily address the issue by noting that the Supreme Court of Ohio has recently found that possessing a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(1) are not allied offenses of similar import. State v.Cabrales, 118 Ohio St.3d 54, 61, 2008-Ohio-1625.
 {¶ 31} In Cabrales, the Court specifically held that "possession under R.C. 2925.11(A) and trafficking under R.C. 2925.03(A)(1) are not allied offenses of similar import, because commission of one offense does not necessarily result in *Page 17 
the commission of the other." Cabrales, 118 Ohio St.3d at 61. The court reached this conclusion through analyzing the elements of each offense as follows:
 To be guilty of possession under R.C. 2925.11(A), the offender must "knowingly obtain, possess, or use a controlled substance." To be guilty of trafficking under R.C. 2925.03(A)(1), the offender must knowingly sell or offer to sell a controlled substance. Trafficking under R.C. 2925.03(A)(1) requires an intent to sell, but the offender need not possess the controlled substance in order to offer to sell it. Conversely, possession requires no intent to sell.
Id.
 {¶ 32} Accordingly, we overrule Tosco's second assignment of error.
 Third Assignment of Error {¶ 33} In his third assignment of error, Tosco argues that he was denied effective assistance of counsel. Specifically, Tosco states that trial counsel was effective because he failed to file a motion to suppress; because he called no witnesses; because he conducted minimum cross examination of witnesses; because he stipulated to numerous facts and the admission of exhibits; because he filed no motion for discovery of a bill of particulars; and, because he continually referenced the weakness of his case to the trial judge.
 {¶ 34} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result.State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove *Page 18 
that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. State v. Waddy
(1992), 63 Ohio St.3d 424, 433, 588 N.E.2d 819 (superseded by constitutional amendment on other grounds as recognized by State v.Smith, 80 Ohio St.3d, 103, 684 N.E.2d 688, 1997-Ohio-355).
 {¶ 35} Furthermore, the appellate court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. State v. Malone (1989), 2d Dist. No. 10564, 1989 WL 150798. "Ineffective assistance does not exist merely because counsel failed `to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.'" Id. quoting Smith v. Murray (1986), 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed. 2d 434.
 {¶ 36} Additionally, it is well settled that debatable trial strategy is insufficient to establish a claim for ineffective assistance.State v. Conway, 109 Ohio St.3d 412, 430, 848 N.E.2d 810, 2006-Ohio-2815
citing, State v. Hoffner, 102 Ohio St.3d 358, 365, 811 N.E.2d 48,2004-Ohio-3430, ¶ 45. "[T]rial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." State v. Sallie, 81 Ohio St.3d 673, 675,693 N.E.2d 267,1998-Ohio-343.
 {¶ 37} In this case, Tosco's trial counsel made several references to the weaknesses of his case in pre-trial hearings and attempted to get Tosco to plead *Page 19 
guilty in order to mitigate the sentence he would get. Furthermore, Tosco's trial counsel presented no defense at trial, stipulated to the introduction of several exhibits, and conducted little cross examination of the State's witnesses. Looking at the overwhelming evidence against Tosco presented at trial, it was wise for trial counsel to advise a guilty plea in order to get a reduced sentence for his client. Furthermore, it would have been difficult for his trial counsel to present a defense when there appears to be few facts in his favor. Given the strong presumption of reasonable assistance and the broad deference given to trial counsel's strategic decisions, we find that Tosco was not rendered ineffective assistance. Additionally, Tosco presents no factual basis demonstrating that, had his trial counsel not committed the alleged errors, the outcome of the trial would have been different. Accordingly, we overrule Tosco's third assignment of error.
 Fourth Assignment of Error {¶ 38} In his fourth assignment of error, Tosco argues that the trial court abused its discretion in ordering an excessive sentence. Specifically, Tosco asserts that the trial judge should have rendered a sentence similar to that recommended by the State prior to trial, and that the trial judge enhanced his sentence out of vindictiveness because he refused to plead guilty and insisted on asserting his constitutional right to a trial.
 {¶ 39} An appellate court conducts a meaningful review of the trial court's sentencing decision. State v. Daughenbaugh, 3d Dist. No. 16-07-07, 2007-Ohio-5774, *Page 20 
at ¶ 8, citing State v. Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181. If clear and convincing evidence shows the sentence was contrary to law or was not supported by the record, an appellate court may modify or vacate a felony sentence and remand the matter to the trial court for resentencing. Daughenbaugh, supra, citingCarter, 2004-Ohio-1181, at ¶ 44; R.C. 2953.08(G).[2] Clear and convincing evidence is "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." In re Estate of Haynes (1986),25 Ohio St.3d 101, 103-04, 495 N.E.2d 23.
 {¶ 40} In State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, the Supreme Court of Ohio found those portions of the felony sentencing statute requiring judicial fact finding before the imposition of a sentence to be unconstitutional. The Court stated, "[t]rial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. *Page 21 
 {¶ 41} Although the trial court is given full discretion in sentencing pursuant to Foster, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crimes by the offender and to punish the offender. R.C. 2929.11(A); State v. Scott, 3d Dist. No. 6-07-17, 2008-Ohio-86, ¶ 49, citing State v. Foust, 3d Dist. No. 3-07-11, 2007-Ohio-5767, ¶ 27. Additionally, the trial court must contemplate the recidivism of the offender and the seriousness of the conduct pursuant to R.C. 2929.12(A).Id.
 {¶ 42} Moreover, the "trial court is not bound to accept a sentence recommendation proffered by the prosecution." State v. Kitzler, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 9, citing Akron v. Ragsdale (1978), 61 Ohio App.2d 107, 109.
 {¶ 43} Here, the trial court sentenced Tosco to a total prison term of seven years and ten months, with ten months imposed for Trafficking in Cocaine, six years for Possession of Cocaine, twelve months for Trafficking in Marijuana, and twelve months for Possession of Marijuana, with the trafficking and possession of cocaine counts to be served consecutively, and the trafficking and possession of marijuana counts to be served concurrently with each other but consecutively to the cocaine possession and trafficking counts. The total prison term authorized for these offenses, and the prison term recommended by the State, was eleven and a half years. *Page 22 
 {¶ 44} Prior to the case proceeding to trial, the State offered to recommend a four-year prison term in exchange for a plea of guilty. Instead, Tosco decided to take his chances, against the advice of his trial counsel and the overwhelming amount of evidence against him, and proceed to trial. While the trial court did state to Tosco that, if he did choose to plead guilty, it would be "a favorable thing" for him to do so before trial rather than the day of trial because it inconveniences the parties, jurors, and the court, at no time did the trial court state that it looked disfavorably upon a decision to proceed to trial. Furthermore, the trial court never stated that it intended to accept the State's sentence recommendation of four years if Tosco elected to plead guilty, nor was the trial court bound to follow that sentence recommendation.
 {¶ 45} Given the broad discretion granted to the trial court in sentencing, the fact that the trial court imposed significantly less time than the maximum allowable sentence and the State's recommendation after trial, the fact that the trial court never agreed to follow the State's recommendation should Tosco decide to plead guilty, and the fact that the trial court never made any statement or threat to discourage Tosco from going to trial, we find that the trial court did not err in imposing a seven year and ten-month prison term. While the trial court was authorized to impose a lesser prison term under the statute, it stated on the record that it had "considered the general factors required by the Ohio Revised Code in determining the sentence to be imposed." (Mar. 2008 Trial Tr.p. 88), and ample *Page 23 
evidence was presented on Tosco's multiple prior felony convictions. As such, we find the sentence was supported by law and the record. Accordingly, we overrule Tosco's fourth assignment of error.
 {¶ 46} Based on the foregoing, the March 26, 2008 Judgment Entry of Sentencing of the Court of Common Pleas, Marion County, Ohio is affirmed.
Judgment Affirmed
 PRESTON, P.J., concurs.
ROGERS, J., concurs, concurs in Judgment Only on Assignment of ErrorII
[1] In his assignment of error the Appellant refers toverdicts of the trial court. However, in a case tried to the court without a jury, the trial court renders a general finding. Crim. R. 23(C).
[2] We note that the Supreme Court of Ohio's recent plurality opinionin State v. Kalish, 120 Ohio St. 3d 23, 896 N.E. 2d 124, 2008-Ohio-4912, establishes a two-part test utilizing an abuse of discretion standard for appellate review of felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing review standard adopted by three dissenting Justices inKalish, we note that the outcome of our decision in this case would be identical under the Kalish plurality's two part test. *Page 1